McVickar, Philips, and Stewart, appellants, *v.* Wolcott, Gracie, and others, respondents; 4 J. R. 510.

Not reported in Ch., but opinion of Lansing, Chancellor, given 4 id. 515.

### Relief in Court of Equity after Trial and Judgment at Law.

A suit was pending in the Supreme Court by the appellants to recover the amount of certain advances made by them, under an agreement, to a third party. By consent of parties, the cause was referred to three referees, and the usual rule entered for that purpose. The cause was fully heard before them, two of whom in January, 1807, made a report in favor of the appellants, for $3,740. The other referee did not concur. Soon after, and before any judgment could be obtained on the report, the respondents filed their bill in Chancery against the appellants, and an injunction was awarded to restrain the appellants from prosecuting their suit at law, until the further order of the Court of Chancery.

The bill charged among other things, that the appellants had been reimbursed for their advances by Cruden, who was a party to the agreement alluded to above; that the suit at law was prosecuted by them for Cruden's benefit, who was also with the other parties to the agreement, made a defendant in the bill.

On the filing of the appellants' answer, denying the facts charged in the bill, they moved to dissolve the injunction, which motion, Lansing, Chancellor, denied with the costs of resisting it. The Chancellor says: " The defendants at law, I rather thought, could not there have availed themselves of the defence they set up before me ; and so thinking, I decided the point according to my impression at the time, leaving it open for a further discussion at the hearing. The complainants alleged in their bill, that they were unable for want of sufficient proofs, or any confession, or discovery, to show several facts material to their defence, and which they particularized, *without a discovery*, by the defendant, (in this suit,) which has always been deemed a good reason for resorting to Chancery."

The Court of Errors *reversed* the order. Van Ness and

Spencer, Js., delivering opinions in favor of reversal, and Kent, Ch., declaring himself of the same opinion. The court first decided a preliminary question, as to the right to appeal from such an order, holding it to be within their jurisdiction by the statute regulating the proceedings of the Court of Errors.

The court also held, that a Court of Chancery will aid a defendant in obtaining a discovery before a trial at law, and not after. Van Ness, J., says : " Granting for a moment that such answer would have furnished the respondents with a complete defence, still as they omitted to take the necessary steps to possess themselves of that answer, before the trial at law, which they might, and if they deemed it important, ought to have pursued, they are now too late. I am satisfied that the appellants, notwithstanding they have answered the bill, are at full liberty to avail themselves of this objection."

Spencer, J., held the same doctrine, and the order was accordingly *reversed.*